OTT, Judge.
This ease involves the construction and application of Chapter 83, enacted by the legislature to prescribe the rights and duties of mobile home park operators and tenants.
The case was well tried below and exhaustively briefed and argued before this court.
The trial court heard all the evidence and entered a well written disposition of the case. We affirm the final judgment rendered in favor of the mobile home park operator who was the defendant below and the appellee in this court. We believe it may be helpful, however, for this court to deal with certain questions presented by this litigation.
Section 83.760, Florida Statutes (Supp. 1976) (formerly Section 83.695, Florida Statutes) requires a mobile home park operator *411 to tender a written lease for a specified term to a tenant. Such lease must, among other things, disclose all charges, assessments, rent, fees and other financial obligations of the tenant; must specifically incorporate the park’s rules and regulations and must be offered upon the same terms and conditions (certain rental variations excepted) as to all other tenants. This section allows the tenants 60 days after tender of the lease within which to sign. Until the park operator makes a bona fide tender of the required lease he can not terminate a tenancy for any reason. This section also limits the grounds for termination of a mobile home tenancy to the statutory grounds set forth in Section 83.759, Florida Statutes (Supp.1976) (formerly Section 83.69, Florida Statutes) and authorizes the tenant to defend any eviction proceeding brought on any ground other than those set forth in Section 83.759, Florida Statutes.
A detailed lease was offered in this case but rejected by the tenants on several grounds one of which was the inclusion of a right to evict “upon 12 months notice” (a ground for eviction not specifically contained in Section 83.759).
We hold that the addition of the right of the park operator to evict “upon 12 months notice” is both reasonable and not prohibited by Section 83.759. We recognize the peculiar character of a mobile home park tenancy and the constitutionality of Section 83 of the Florida Statutes as enunciated by the supreme court in Stewart v. Green, 300 So.2d 889 (Fla.1974) and Palm Beach Mobile Homes, Inc. v. Strong, 300 So.2d 881 (Fla.1974). However, as stated by the supreme court in Strong:
perpetual occupancy rights on another’s property cannot ... be granted by law . . .. [Tjherefore . it is not inconceivable that one rule adopted by a mobile home park owner be that the landlord can terminate the tenancy after a substantial duration and . we cannot say that a rule requiring vacancy on at least twelve months or more notice would be unreasonable. 300 So.2d at 888.
In our opinion, the fact that the vacancy on 12 months notice was here contained in the lease rather than a rule is not material to its validity or reasonableness.
Another point we feel it helpful to discuss is the provision in the lease and the park owner’s rules that “[t]he tenant agrees-to abide by all the rules and regulations of the landlord and that violation thereof shall be grounds for eviction.” The failure to modify this provision with the requirement that all rules and regulations be “reasonable” is alleged to be fatal to its inclusion.
Violation of “any reasonable rule” is specifically recognized by Section 83.759, Florida Statutes as a ground for eviction. This section further requires all rules to be delivered to the tenant prior to his signing the lease or entering into a rental agreement. The statute gives the tenant 60 days to review the lease and rules. The statute clearly contemplates the right of the tenant to contest the reasonableness of any rule either in the first instance or at the time of eviction predicated on the breach thereof. No provision of the lease can act to obviate or “waive” this right. The statutory requirement that rule or rules be reasonable is a part of the lease contract whether or not so stated therein. The lease in this instance — as required by Section 83.760(3)— contains the specific provision that part III of Chapter 83, shall govern the rights of the parties under the lease. We note in passing that the courts generally impose a requirement of reasonableness even without a statutory specification to this effect.
Nothing in the trial court’s final judgment nor in this opinion is to be construed as holding that the tenant is foreclosed from appropriately contesting the reasonableness of any park rule. The provision of paragraph 8 of the lease that the tenant acknowledges a copy of the “current rules and regulations” and agrees that all such rules “as from time to time amended” are reasonable obviously can only apply, at best, to those rules then in existence, supplied to the tenant prior to execution of the lease and attached or incorporated into the lease as required by the statute.
*412 The remainder of the points were adequately and properly disposed of by the trial court.
The final judgment of the trial court is affirmed.
BOARDMAN, C. J., and GRIMES, J., concur.