DELL, Judge.
The class plaintiffs, tenants of the Deer-field Beach Mobile Home Park, appeal from a final summary judgment in favor of the defendant Park owner, a corporation, declaring a rule permitting it to evict any tenant without cause on 12 months notice to be valid and enforceable.
In Deerfield Beach Mobile Home Park the tenants place their individually owned mobile homes upon rented or leased lots. Most of the appellants are long time residents. In 1979, appellee bought the premises, together with some undeveloped land adjacent thereto, and thereafter took various actions repugnant to appellants, including raising the rent, curtailing services, and renting space to a business. Appellants filed a class action complaint, seeking a declaratory judgment determining their rights as tenants. After appellants filed suit appellee amended the park rules to adopt Rule 13(b):
*714 The park owner may require any tenant to remove himself and his trailer from the park without cause upon 12 months written notice.
Six weeks after the effective date of this new rule, appellee served notice upon all park tenants that it would require them to vacate within eighteen months. Four days later, appellee filed its answer to appellants’ complaint, including a counterclaim asking for a declaratory judgment that Rule 13(b) is valid and enforceable.
The trial court entered summary judgment in favor of appellee, in which it specifically found that the “right of a park operator to evict upon twelve months’ notice pursuant to rules and regulations reserving such right is reasonable and is not prohibited by Florida Statutes Section 83.759.” The court cited Japanese Gardens Lot Renters Protective Association of Clearwater, Inc. v. Japanese Gardens Mobile Estates, Inc., 345 So.2d 409 (Fla. 2d DCA 1977), cert. denied, 359 So.2d 1215 (Fla.1978), as controlling authority.
Section 83.759, Florida Statutes (1981) establishes the grounds upon which a mobile home park owner may evict his tenant. At issue in this appeal is whether the trial court correctly relied on Japanese Gardens to establish a new ground for eviction which does not appear in the statute.
Section 83.759 provides:
83.759 Mobile home parks; eviction, grounds, proceedings.—
(1)A mobile home park owner or operator may not evict a mobile home or a mobile home dweller other than for the following reasons:
(a) Nonpayment of rent.
(b) Conviction of a violation of some federal or state law or local ordinance, which violation may be deemed detrimental to the health, safety, or welfare of other dwellers in the mobile home park.
(c) Violation of any reasonable rule or regulation established by the park owner or operator, provided the mobile home owner received written notice of the grounds upon which he is to be evicted at least 30 days prior to the date he is required to vacate. A copy of all rules and regulations shall be delivered by the park owner or operator to the mobile home owner prior to his signing the lease or entering into a rental agreement. A copy of the rules and regulations shall also be posted in the recreation hall, if any, or some other conspicuous place in the park. A mobile home park rule or regulation shall be presumed to be reasonable if it is similar to rules and regulations customarily established in other mobile home parks located in this state or if the rule or regulation is not immoderate or excessive.
(d)Change in use of land comprising the mobile home park or a portion thereof on which a mobile home to be evicted is located from mobile home lot rentals to some other use, provided all tenants affected are given at least 6 months’ notice, or longer if provided for in a valid lease, of the projected change of use and of their need to secure other accommodations.
(2) Cumulative eviction proceedings may be established in a written lease agreement between the park owner or operator and a mobile home dweller in addition to those established by law.
(3) This section shall not preclude summary eviction proceedings, and if the park operator or owner does not have one of the grounds set forth in subsection (1) available, the mobile home owner may raise the same by affirmative defense.
(Emphasis added.)
In Japanese Gardens, on which the trial court relied, the Second District Court of Appeal considered the impact of section 83.-759 on section 83.760. Section 83.760(1) provides that a park owner may not terminate any tenancy unless he has offered a written lease to the tenant prior to occupancy. If the tenant does not enter into a written lease, or if the owner permits the lease to expire, the owner may terminate the tenancy only in accordance with section 83.759. In the case of tenancies existing on the effective date of the statute, section 83.760(2) provides that the owner may not terminate the tenancy unless he has offered *715 the tenant a written lease, which the tenant has failed to execute within 60 days.
The park owner in Japanese Gardens tendered a written lease to an existing tenant, as required by section 83.760(2), which the tenant rejected on the ground that the lease included a right to evict upon twelve months notice. The Court held that “the addition of the right of the park operator to evict ‘upon 12 months notice’ is both reasonable and not prohibited by section 83.759.” The trial court sub judice relied upon this holding in ruling in favor of appellee.
We perceive significant factual differences in the cause before us. Section 83.760 refers to section 83.759 as a whole. Section 83.759(2) permits cumulative eviction proceedings, in addition to statutory grounds for eviction enumerated in section 83.759(1), when a written lease between the park owner and his tenant sets forth those cumulative eviction proceedings. We believe that the quoted holding of Japanese Gardens establishes, first, that the twelve month eviction clause at issue therein was not prohibited by Section 83.759 because subsection (2) permits a written lease to contain non-statutory grounds for eviction; and second, that the clause was not so unreasonable as to constitute grounds for the park tenant to reject a lease offered by the park owner in conformity with section 83.-760.
We find no indication in the record before us that any written leases exist, or that appellee has offered any appellant a written lease in conformity with section 83.760. Accordingly, the reasonableness of appel-lee’s rule has no bearing on this case. In the absence of a written lease, appellee may evict only on the grounds enumerated in section 83.759(1). That paragraph permits eviction without fault of the tenant only in subparagraph (d), where a change in the use of the land has occurred. Appellee has not demonstrated any such change.[1]
Accordingly, we reverse the judgment of the trial court, remand for entry of judgment in favor of appellants on the counterclaim and for further proceedings on appellants’ complaint.
REVERSED and REMANDED.
DOWNEY and HERSEY, JJ., concur.

. The Park is currently zoned TC, trailer court. Appellee attempted to have the parcel rezoned to R-2, which does not permit mobile homes. However, section 83.760(4) states that no government agency shall approve any application for rezoning which would result' in the removal of park tenants without first investigating the adequacy of facilities to relocate the mobile homes. After learning of the provisions of this section, and in view of its knowledge that adequate relocation facilities do not exist, appellee withdrew its application for rezoning and attempted instead to remove the tenants as set forth in the opinion.