DANAHY, Judge.
The appellants (the tenants) are twenty-three tenants living in mobile homes at the Venetian Mobile Home Park, which is owned and operated by the appellees (the park owners). The tenants entered into their tenancies on an oral month-to-month basis. They purchased their mobile homes, removed the wheels, and constructed concrete patios, porches and other amenities attached to their mobile homes. They produced testimony that the cost of removing all of their mobile homes and reassembling them in another park would be approximately $238,180. Further, they introduced testimony that other mobile home parks in the Sarasota area are “closed” parks which do not accept mobile homes relocated from another park.
In 1980 the park owners adopted a rule for the park reading as follows:
That, effective May 1, 1980, all residents of Venetian Mobile Home Park will be allowed to start or continue residence in Venetian Mobile Home Park only under the terms of a signed, written lease. The lease offered to each park resident will be on the same terms as leases offered to all other park residents, excepting only certain variations in rent due to lot size or location.
The park owners then submitted a written lease to each of the tenants containing a provision that any tenant could be ejected on twelve months’ written notice without cause. When the tenants refused to sign this lease, the park owners gave notice of eviction and brought an action in county court to evict the tenants for violation of a park rule. The tenants brought this suit in circuit court for equitable relief, and the cases were consolidated in the circuit court.
After a nonjury trial, the trial judge entered a final judgment in favor of the park owners. The judgment denied any equitable relief to the tenants and gave the tenants the choice of either removing themselves and their mobile homes from the park or selling their mobile homes to third parties within ninety days from the date of the final judgment. The parties entered into a stipulation that the ninety days would run from the date of this court’s mandate. We reverse.
We are concerned with the application of section 83.759(1), Florida Statutes (1981), which provides in part as follows:
Mobile home parks; eviction, grounds, proceedings—
(1) A mobile home park owner or operator may not evict a mobile home or a mobile home dweller other than for the following reasons:
(a) Nonpayment of rent.
(b) Conviction of a violation of some federal or state law ....
(c) Violation of any responsible rule or regulation established by the park owner or operator ....
(d) Change in use of land comprising the mobile home park ... to some other use ....
We note that in 1982 the legislature amended section 83.759 to add subsection (e)as a ground for evicting a mobile home dweller. Under the 1982 amendment, park owners are permitted to evict tenants upon twelve months’ notice without cause, but if they do so, the mobile home dweller is given statutory protection against the losses which he might otherwise be required to bear. § 83.759(l)(d), Fla.Stat. (Supp.1982). The 1982 amendment does not apply to the case before us, however.
In Stewart v. Green, 300 So.2d 889 (Fla. 1974), our supreme court upheld the constitutionality of section 83.759(1) (formerly section 83.69). In doing so, the court commented at length on the unique position of mobile home dwellers who rent on a month-to-month basis and thus, without statutory protection, could be evicted on short notice without cause. Section 83.759(1) was enacted to afford protection to mobile home owners from that vulnerability. The court said “the rules and regulations which a mobile home park owner or operator adopts must *306 not be designed to indirectly circumvent the positive protection provisions of [section 83.-759(1)].”
We hold that the rule adopted by the park owners in the instant case sought to do that which the supreme court described as improper; that is, the rule is designed to indirectly circumvent the provisions of section 83.759(1). Under the pre-1982 version of that statute, a mobile home park owner or operator may not evict a mobile home dweller without cause. The park owners in this case sought to obtain just that right by enacting a rule requiring tenants to enter into written leases and then proffering leases containing a provision that the tenants could be evicted on twelve months’ notice without cause. The rule is improper and may not be grounds for eviction. Thus, we reverse.
Our holding in this case is compatible with the holding of our sister court in Peterson v. Crown Diversified Industries Corp., 429 So.2d 713 (Fla. 4th DCA 1983). In that case, the court disapproved a rule adopted by a mobile home park owner permitting it to evict any tenant without cause on twelve months’ notice. We agree with that holding, and take it one step further— just as a rule permitting eviction on twelve months’ notice without cause is improper, so is a rule requiring a tenant to sign a lease containing such a provision. We also agree with the distinction drawn by the Peterson court between the situation in that ease and the decision of this court in Japanese Gardens Lot Renters Protective Association of Clearwater, Inc. v. Japanese Gardens Mobile Estates, Inc., 345 So.2d 409 (Fla. 2d DCA 1977), cert. denied, 359 So.2d 1215 (Fla.1978).
REVERSED and REMANDED for further proceedings not inconsistent with this opinion.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.